UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| STEVEN L. NORRIS, ) </br> ) </br> Plaintiff, ) </br> ) </br> V. ) </br> ) </br> MICHAEL ASTRUE, Commissioner of ) </br> Social Security, ) </br> ) </br> Defendant. ) | Civil Action No. 5: 10-127-DCR </br></br></br> **MEMORANDUM OPINION** </br> **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Steven L. Norris ("Norris" or "Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Records Nos. 10,11] Norris argues that the Commissioner erred in finding that he was not disabled. In essence, he argues that the Administrative Law Judge assigned to his case ("ALJ") gave undue weight to the opinion of non-treating sources and that the ALJ's opinion was not supported by substantial evidence. Norris moves the Court to award benefits in his favor.

The Commissioner, contends that the ALJ's decision is supported by substantial evidence and should be affirmed. Having reviewed the administrative record and having considered the parties' arguments, the Court agrees with the position taken by the Commissioner. Accordingly, the Commissioner's motion for summary judgment will be granted, Norris' motion will be denied, and the case will be dismissed.

-1-

**I.**

On January 20, 2006, Norris filed applications for disability insurance benefits ("DIB") and supplemental social security income disability benefits ("SSI"). He alleged in his DIB application that he became disabled on May 29, 2004 [Tr., p. 115] and in his SSI application that he became disabled on August 15, 2003 [Tr., p. 112]. His claims were denied initially and on reconsideration. [Tr., pp. 70–77, 84–90] ALJ Timothy G. Keller held a hearing in the matter on March 4, 2008. [Tr., pp. 23–63] Norris appeared at the administrative hearing along with his attorney, Mark Naegel, and vocational expert ("VE") Martha Goss. [Tr., p. 23] On June 16, 2008, ALJ Keller issued his decision denying Plaintiff's claims. [Tr., pp. 8–20] And on February 18, 2010, the Appeals Council denied Plaintiff's request for review. [Tr., pp. 1–3] Norris filed this action on April 15, 2010, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

**II.**

Norris was 45 years old at the time of his alleged SSI onset date, 46 years old at the time of his alleged DIB onset date, and 50 years old at the time of the hearing.[1] [Tr., p. 18] He has a tenth-grade education and is able to communicate in English. [Tr., pp. 18, 30] The ALJ found that Norris had past relevant work as a nurse and a painter. [Tr., p. 18] Norris also indicated he had engaged in "home improvement" work for a short time in 2004. [Tr., p. 35] ALJ Keller found that Norris suffered from a number of severe impairments including: pain in the lower

---

1   When the Commissioner considers age as a vocational factor, the relevant measuring point is age at the time of disability onset. 20 C.F.R. §§ 404.1563(b), 416.963(b). The "age categories" are defined by ranges of ages, so whether Norris' age at DIB onset (46) or SSI onset (45) is considered, he falls within the same age category of 45 to 49 years of age. *See* 20 C.F.R. §§ 404.1563(c); 416.963(c).

back, legs, and right knee; asthma; and depression. [Tr., p. 13] Norris also complained of problems resulting from acid reflux and irritable bowel syndrome, but the ALJ found that those ailments did not impose a significant limitation on Norris' ability to perform basic work functions. [*Id.*]

As evidence of his disability, Norris provided his own testimony and reports from a number of doctors. [Tr., pp. 24–58] He provided reports from William Dake, M.D., with the Lexington-Fayette County Health Department; Sara Salles, D.O., a consultive examiner; and Nancy L. Scott, Ph.D., a consultive psychological examiner for Kentucky BDD; and from other intermittent hospital and doctors' visits. [*See* Tr., pp. 16–17] Based on this evidence, the ALJ concluded that Norris had a Residual Functional Capacity ("RFC"):

> to lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently as well as sit, stand, and walk 6 hours in an 8-hour workday as defined in 20 C.F.R. 404.1567(c) and 416.967(c). However, the claimant would be limited to only occasional climbing of ladders, ropes, and scaffolds and stooping.

[Tr., p. 15] The VE testified that, in view of this RFC, Norris was unable to return to any of his previous employment. [Tr., p. 59] However, the VE testified that, with the same limitations, there were other jobs Norris could perform that were available in both the regional and national economy. [Tr., pp. 59–60] Considering this testimony, the ALJ concluded that Norris was not disabled within the meaning of the Social Security Act. [Tr., p. 19 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g))]

### III.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment

of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether he can do past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the

Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they apply the proper legal standard and are supported by substantial evidence. 42 U.S.C. § 405(g).

## IV.

Norris presents a number of arguments in support of his contention that the ALJ's decision either failed to apply the correct legal standard or was not supported by substantial evidence. Ultimately, however, none of these arguments is convincing.

### A. Sufficiency of the Evidence

Norris' principal argument challenges the "[r]hetorical basis of the decision." [Record No. 10, p. 8] He appears to be concerned with the actual language used by the ALJ in his decision. For instance, Norris asserts that it is "cryptic" [Record No. 10, p. 9], that it is "boilerplate[,]" [Record No. 12, p. 2] and that it mischaracterizes certain evidence as "medical evidence" [*Id.*, p. 10]. Norris does not make clear whether his criticism of the ALJ's "rhetoric" is a challenge to the legal standards applied or to the weight of the evidence. *See Rogers*, 486 F.3d at 241 (explaining that the District Court's review is limited to these two inquiries). However, in calling the language "boilerplate," he appears to be arguing, at least in part, that the ALJ's conclusions are not supported by substantial evidence. Thus, the Court will first analyze his challenge through that lens.[2]

Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). As noted, if the

---

2   Norris also argues that "the evidence in favor of disability is strong." [Record No. 10, p. 15] Technically, this is not an inquiry the Court considers. *See Colvin,* 475 F.3d at 730 (explaining that the Court should defer to the Commissioner "even if there is substantial evidence in the record that would have supported an opposite conclusion" (internal citations omitted)). However, the Court will entertain Norris' argument to the extent he is arguing that the Commissioner's finding was not supported by substantial evidence. *See Rogers*, 486 F.3d at 421.

Commissioner's decision is supported by substantial evidence, the Court should defer to that decision "'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

Norris' primary challenge is to the ALJ's RFC determination. However, the ALJ provided an extensive discussion and citation to evidence for each of his findings, especially his RFC determination. [*See* Tr., pp. 15–18] For example, the ALJ explained the support for his finding that Norris' statements concerning his own ability to work were not credible and that he was able to perform work:

> In terms of the claimant's alleged impairments, the medical evidence fails to support a finding that the claimant is significantly limited in his ability to perform some type of work activity or activities of daily living. In fact, in a visit with his treating physician in September 2005, the claimant reported that he was no longer nursing and had begun to work as a painter. The claimant complained of chronic back and leg pain, however, the claimant was only treated conservatively with no surgical intervention or injections. Although the claimant complained of chest pain, the records indicate that the claimant continued to smoke and chest x-rays were negative, as well as an EKG.

[Tr., p. 17] Each of those findings refers to specific evidence in the record. It is not boilerplate. Additionally, the ALJ provided specific reasons and evidence why he found Norris' claims were not credible.

The ALJ provided further support for his finding in the reports of the State agency medical consultants. [Tr., p. 18] He also looked to evidence from Norris' daily life to evaluate the type of work he could perform:

> Although the claimant reported multiple complaints, he indicated that he was able to drive and care for his personal needs as well as activities of daily living. The

claimant reported that he spends his time watching television and listening to the radio.

[*Id.*] At each stage, the Commissioner provided extensive justification for his findings. Each finding relied on *specific* evidence *unique* to Norris. It simply cannot be said that the ALJ applied boilerplate reasoning or failed to cite relevant evidence for his decision. The Court finds that the ALJ's decision is supported by substantial evidence.

### B. Correct Legal Standard

In addition to Norris' challenge to the weight of the evidence, he also contends that the Commissioner applied incorrect legal standards in violation of social security rulings and case law. [Record No. 10, p. 11-14]

#### 1. Consideration of non-medical evidence

In challenging the ALJ's "rhetoric," Norris argues that the ALJ improperly considered non-medical evidence. [Record No. 10, p. 10] In support of his assertion that "the medical evidence fails to support a finding that the claimant is significantly limited in his ability to perform some type of work activity or activities of daily living," the ALJ referred to Norris' past work and his daily activities. Norris contests that these factors are not "medical evidence" which should have been considered. However, Social Security rulings state that the ALJ's assessment of a claimant's RFC should be "based upon consideration of *all relevant evidence* in the case record, including medical evidence and *relevant nonmedical evidence*." Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *5 (July 2, 1996) (emphasis added). The regulations plainly state that the Commissioner may consider "[s]tatements you or others make about your impairment(s), your restrictions, your daily activities, [and] your efforts to work." 20 C.F.R. §§ 404.1512(b),

416.912(b). Therefore, the ALJ did not commit legal error by considering non-medical evidence such as Norris' past work and daily activities.

### 2. Consideration of work activity

Norris also claims that the ALJ committed error by considering his intermittent work activity beyond his alleged onset date. As the ALJ correctly noted, Noris reported working from May 2004 through November 2004 in his disability forms and in a September 2005 treatment note. [Tr., pp. 17, 27–28, 134, 151, 160–61, 280] Despite this fact, the ALJ still found that "[t]he claimant has not engaged in substantial gainful activity since May 29, 2004, the alleged onset date." [Tr., p. 13] However, the ALJ did consider this evidence when deciding whether Norris' testimony was credible and what he could do despite his limitations. [Tr., p. 17, 18] *See* 20 C.F.R. §§ 404.1545, 416.945.

There is nothing inconsistent with finding that Norris' work did not amount to substantial gainful activity, but nevertheless considering it relevant in evaluating his credibility and RFC. *See* 20 C.F.R. §§ 404.1571, 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *see also* 20 C.F.R. §§ 404.1512(b), 416.912(b) (listing "your efforts at work" as relevant evidence for consideration). The ALJ did not commit error by considering relevant work activity, even if it did not amount to substantial gainful activity.

### 3. The "Good-Reason" Requirement

Norris next contends that the ALJ failed to provide reasons for the weight he gave to opinion evidence. Norris asserts that "[t]he ALJ's statement *fails completely* to explain how and

why the opinions of the state agency consultants are of greater weight than any other evidence of record." [Tr., p. 11] He re-emphasizes that "[t]here is no reason cited by the ALJ to adopt the opinions of the non-examining, record reviewing State agency sources over the consultive examiners." [*Id.*, p. 14]  The Commissioner, on the other hand, claims that the ALJ gave adequate reasons for the weight given to each source's opinion.

The ALJ is responsible for deciding the weight accorded to medical source's opinions. *See* 20 C.F.R. §§ 404.1527, 416.927.  In deciding how much weight to give each source's opinion, examining relationship is only one among many factors considered.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  The weight afforded a medical source's opinion also depends on the evidence that source gives to support the opinion and whether the opinion is consistent with the record as a whole. *See id.*  In reviewing the weight given to each opinion, the Court simply considers whether the ALJ gave "good reasons . . . for the weight . . . given."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)); *see also* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).

In this case, ALJ Keller provided adequate, evidence-based reasons for the weight he gave to each medical source's opinion. Regarding Dr. Salles' opinion, the ALJ concluded that it was not consistent with her own findings. [Tr., p. 18]  The Commissioner is not bound by a physician's conclusory statements, particularly when they are unsupported by objective criteria. *See Landsaw v. Sec'y of Health and Human Serv.*, 803 F.2d 211, 213 (6th Cir. 1986). Dr. Salles concluded that the claimant would be limited in his ability to stand, bend, stoop, crawl, kneel and crouch.  However, she noted that he had normal range of motion of his upper extermities and

knees. [Tr., p. 18, 497–98] She further found full strength in his left leg and nearly full strength and range of motion in his right leg. [Tr., p. 494] The ALJ found that her conclusions were inconsistent with the evidence, even the evidence in her own reports. [Tr., p. 18] That is a sufficient reason, adequately explained, for providing little weight to her opinion.

The ALJ also found – and adequately explained – that Dr. Scott's opinions were inconsistent with the medical evidence of record. To begin, Dr. Scott only examined Norris one time. [*See* Tr., p. 499-506] His consultive exam showed several normal mental status findings, yet he concluded that Plaintiff had poor abilities across-the-board. [Tr., p. 507–08] The ALJ found these conclusions lacking in credibility, especially when compared to Norris' relatively conservative treatment. [Tr., p. 18] The ALJ also found Dr. Scott's opinion's discounted by the fact that Norris had never managed his depressive and anxiety symptoms with medications. [*Id.*]

Norris argues that it was inappropriate for the ALJ to consider his conservative mental health treatment. [Record No. 10, p. 14] Citing *Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989), Norris asserts that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Id.* at 1124. He claims the ALJ improperly considered his lack of treatment and, effectively, blamed him for failing to seek more treatment. However, the ALJ considered treatment in evaluating the consistency of Dr. Scott's opinion with the medical evidence of record. [Tr., p. 18] Reviewing numerous doctor's treatment recommendations, not one saw Norris' symptoms significant enough to justify more intense treatment. *See Fletcher v. Comm'r of Soc. Sec.*, No. 6:09-271, 2010 U.S. Dist. LEXIS 37709, at *10–11 (E.D. Ky. Apr. 16, 2010) (noting that an ALJ may consider "lack of treatment

and/or conservative treatment" in evaluating extent of limitations). The ALJ found that Dr. Scott's opinion was inconsistent with the medical evidence in the record as a whole. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). He, therefore, was justified in affording the opinion little weight and provided good reason for doing so.

### 4. Issues reserved to Commissioner

Finally, Norris argues that the ALJ over-stepped his authority by evaluating his credibility and assigning weight to medical source opinions. Norris contends that the ALJ "is making the call relying upon his own interpretation of the 'objective medical evidence' and 'whole record.'" [Record No. 12, p. 2] Norris finds it particularly inappropriate that the ALJ found, as he describes, "that the claimant's statements about what he can do are not true to the extent they disagree with what I find he can do." [Record No. 10, p. 10]

Under 20 C.F.R. §§ 404.1527(e) and 416.927(e), "some issues are not medical issues regarding the nature and severity of an individual's impairment(s), but are administrative findings that are dispositive of a case . . . . The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner." Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2 (July 2, 1996). Among the issues that are reserved to the Commissioner, or the ALJ in this case, are "[w]hat an individual's RFC is[.]" *Id.* A claimant's credibility is also an issue reserved for the ALJ. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). In other words, it is completely within the proper authority of the ALJ to evaluate how much weight to give to medical source opinions in determining the claimant's RFC. *See* 20 C.F.R. §§ 404.1527(b); 416.927(b). It is likewise completely within the proper authority of the

ALJ to make a determination regarding plaintiff's credibility.  Any argument that it was error for the ALJ to rely upon his own opinion and determinations in evaluating credibility is misplaced.

**V.**

In conclusion, the ALJ applied the correct legal framework and his decision denying benefits is supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

(1)   Plaintiff Steven L. Norris' Motion for Summary Judgment [Record No. 10] is **DENIED**.

(2)   Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

(3)   The final administrative decision of the Defendant will be **AFFIRMED** by separate judgment entered this date.

This 10th day of February, 2011.



Signed By:
Danny C. Reeves DCR
United States District Judge